UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

JS-6

Case No.   2:23-cv-05106 HDV JPR              Date   October 24, 2023

Title   *Amwest Funding Corp. v. Zhaneta MomdzaynN*

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                             None Present

**Proceedings:   (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND [5]**

On June 27, 2023, defendant Zhaneta Momzayan ("Defendant"), proceeding *pro se*, removed this unlawful detainer action to this Court. [Dkt. No. 1]. On July 18, 2023, plaintiff Amwest Funding Corp. ("Plaintiff") filed a Motion to Remand ("Motion"), setting the matter for hearing on October 19, 2023.[1] [Dkt. No. 5]. Defendant did not timely oppose the Motion.[2] As discussed below, the Court finds that it lacks subject matter jurisdiction over this action.

Federal courts possess limited jurisdiction, meaning they have jurisdiction only over matters authorized by the Constitution and Congressional statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant who removes a case from state court to federal court bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006). Failure to do so requires that the case be remanded. *Kelton Arms Condo.*

---

[1]   On October 10, 2023, the Court found the Motion appropriate for decision without oral argument and vacated the hearing, pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15.

[2]   Pursuant to Local Rules 7-9 and 7-12, Defendant's failure to oppose the Motion may be deemed consent to the Court granting it.

*Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." (citation omitted)).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnotes omitted). Here, federal question jurisdiction is lacking because the Complaint does not state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Complaint [Dkt. No. 1, pp. 25–26]. Whereas Defendant's Notice of Removal argues that this Court has jurisdiction because her defenses arise under federal laws, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).[3]

To the extent that Defendant may wish to raise federal counterclaims, they too do not give rise to federal jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint– cannot serve as the basis for 'arising under' jurisdiction."); *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("We have held that '[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question . . . .'" (internal citation omitted)).

Given the absence of federal jurisdiction over this action, the Motion to Remand is granted.

**IT IS SO ORDERED.**

---

[3] Defendant does not argue that this Court has diversity jurisdiction over this action.